Timothy C. Gerking, OSB No. 79234
BROPHY, MILLS, SCHMOR
GERKING & BROPHY, LLP
201 W. Main, Fifth Floor
P.O. Box 128
Medford, OR 97501
Telephone: (541) 772-7123
Fax: (541)772-7249
E-Mail: tgerking@brophymills.com

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| 7-ELEVEN, INC., a Texas corporation,<br><br>           Plaintiff,<br><br>vs.<br><br>DUTCH BROS. L.L.C., an Oregon limited liability company; DANA BOERSMA, an individual, and TRAVIS BOERSMA, an individual,<br><br>           Defendants. | Case No. 04-3090-CO<br><br>COMPLAINT FOR TRADEMARK INFRINGEMENT, UNFAIR COMPETITION, DILUTION AND BREACH OF CONTRACT |

**PARTIES AND JURISDICTION**

1. Plaintiff, 7-Eleven, Inc. ("7-Eleven"), is a Texas corporation with its principal place of business at 2711 North Haskell Avenue, Dallas, Texas.

2. Defendant, Dutch Bros. L.L.C. ("Dutch Bros."), upon information and belief,

Complaint -1

is doing business as Dutch Bros. Coffee, with its principal place of business at 903 N.W. "F" Street, Building A., Grants Pass, Oregon 97526.

3. Defendant, Dane Boersma, an individual, upon information and belief, is a controlling principal of defendant Dutch Bros., with his principal place of business at 903 "F" Street, Building A., Grants Pass, Oregon 97526, and is not a citizen of Texas.

4. Defendant, Travis Boersma, an individual, upon information and belief, is a controlling principal of defendant, Dutch Bros., with his principal place of business at 903 "F" Street, Building A, Grants Pass, Oregon 97526, and is not a citizen of Texas.

5. This Court has jurisdiction by virtue of the facts that (1) this is a civil action arising under the United States Trademark Act, 15 U.S.C. §§1051-1127, jurisdiction being expressly conferred in accordance with 15 U.S.C. §§1051-1127, jurisdiction being expressly conferred in accordance with 15 U.S.C. §1121 and 28 U.S.C. §1338(a); and (2) this is a civil action in which plaintiff and defendants are citizens of different states and the value of the matter in controversy exceeds seventy-five thousand dollars ($75,000) exclusive of interest and costs, jurisdiction being expressly conferred in accordance with 28 U.S.C. §1332(a). This Court has pendent jurisdiction over all related claims herein in accordance with 28 U.S.C. §1338(b). Venue is proper in the District of Oregon, in accordance with 28 U.S.C. §1391(b).

//

//

Complaint -2

## FIRST CLAIM FOR RELIEF
### (Trademark Infringement)

6.  Since long prior to the acts of the defendants complained of herein, 7-Eleven has been engaged in the business, <u>inter alia</u>, of offering food and beverage services and products to the general public throughout the United States.

7.  Since long prior to the acts of the defendants complained of herein, in connection with providing the aforesaid food and beverage services, 7-Eleven has sold semi-frozen beverages to the general public throughout the United States, including within Oregon.

8.  In connection with providing the aforesaid food and beverage services, 7-Eleven has sold semi-frozen soft drinks under the mark BRAINFREEZE since at least as early as October 1, 1993, and has sold caps and T-shirts under the mark since at least as early as 1997.

9.  There are currently over 5,000 convenience stores throughout most of the United States, including the State of Oregon, operated by 7-Eleven or its franchisees which offer food and beverage services, including the sale of semi-frozen beverages under 7-Eleven's aforesaid BRAINFREEZE mark.

10.  Since long prior to the acts of the defendants complained of herein, the aforesaid BRAINFREEZE name and mark has been extremely well known among consumers.

Complaint -3

11. Since prior to the acts of the defendants complained of herein, 7-Eleven and its franchisees annually have sold nationally millions of dollars of products under its aforesaid BRAINFREEZE mark and annually spent millions of dollars to advertise and promote products under said mark.

12. By virtue of the aforesaid extensive use, advertising and promotion, and prior to the acts of the defendants complained of herein, 7-Eleven's aforesaid BRAINFREEZE mark has become extremely famous and acquired a strong secondary meaning signifying 7-Eleven.

13. 7-Eleven has registered its aforesaid BRAINFREEZE mark in the United States Patent and Trademark Office as Reg. No. 2,012,487 for semi-frozen beverages. Said registration is owned by 7-Eleven and is now incontestable in accordance with 15 U.S.C. §§1065 and 1115(b).

14. 7-Eleven has further registered its aforesaid BRAINFREEZE mark in the United States Patent and Trademark Office as Reg. Nos. 2,261,043 and 2,287,510 for various goods, including, inter alia, semi-frozen beverages, T-shirts and caps. Said registrations are owned by 7-Eleven.

15. 7-Eleven now owns a most valuable goodwill which is symbolized by its aforesaid BRAINFREEZE mark, and the use of the BRAINFREEZE mark substantially increases the value of 7-Eleven's and its franchisees' products and the salability of the products sold under the BRAINFREEZE mark.

Complaint -4

16.     Long subsequent to the aforesaid acquisition of national fame and secondary meaning of 7-Eleven's aforesaid BRAINFREEZE mark, upon information and belief, defendants intentionally commenced simulating 7-Eleven's BRAINFREEZE mark, with the intention of wrongfully profiting from such simulation, by offering for sale a semi-frozen beverage under the mark BRAIN FREEZE.

17.     On or about November 30, 2001, plaintiff, 7-Eleven, through its counsel, advised defendants in writing of 7-Eleven's rights in its BRAINFREEZE mark.

18.     Subsequently, defendants represented both in oral and written communications that they would cease use of the BRAIN FREEZE mark.

19.     Upon information and belief, on or about August 20, 2003, defendant, Dutch Bros. filed an intent-to-use based application to register DUTCH BRAIN FREEZE as a trademark with the United States Trademark Office for "coffee based frozen drink," Application Serial No. 76/538,580

20.     Upon information and belief, subsequent to 7-Eleven's 2002 communications with defendants, and unbeknownst to 7-Eleven, despite defendants' aforesaid agreement to cease using BRAIN FREEZE, defendants commenced simulating 7-Eleven's BRAINFREEZE mark, with the intent of profiting wrongfully from such simulation, by offering for sale a soft drink under the mark DUTCH BRAIN FREEZE.

21.     Upon information and belief, on or about March 30, 2004 the United States Trademark Office refused defendant Dutch Bros. above identified trademark application on

Complaint -5

the basis that the mark DUTCH BRAIN FREEZE so resembles 7-Eleven's BRAINFREEZE mark as registered in Reg. Nos. 2,012,487 and 2,287,510, that when used for "coffee based frozen drink" defendants' DUTCH BRAIN FREEZE mark is "likely to cause confusion, to cause mistake, or to deceive."

22. Defendants' use of the DUTCH BRAIN FREEZE mark falsely and deceptively represents that defendants' goods and services emanate from 7-Eleven, or are connected with, sponsored or approved by 7-Eleven, and defendants' such use is likely to cause confusion with 7-Eleven's and its franchisees' use of 7-Eleven's aforesaid famous BRAINFREEZE mark, or otherwise to cause deception or mistake as to the source, sponsorship or approval of the defendants' goods and services.

23. The defendants' aforesaid simulations of 7-Eleven's BRAINFREEZE mark results in defendants' unjust enrichment.

24. The defendants' aforesaid use of the DUTCH BRAIN FREEZE mark infringes 7-Eleven's BRAINFREEZE mark under the United States Trademark Act, 15 U.S.C. §§1051-1127 and the common law of the State of Oregon.

25. The defendants' aforesaid use of the DUTCH BRAIN FREEZE mark is greatly and irreparably damaging to 7-Eleven and will continue to damage 7-Eleven until enjoined by this Court; wherefore, 7-Eleven is without adequate remedy at law.

## SECOND CLAIM FOR RELIEF
(Unfair Competition)

26. 7-Eleven realleges and incorporates paragraphs 1 through 12, 15 through 23

Complaint -6

and 25 of its First Claim for Relief herein.

27. The defendants' aforesaid use of the DUTCH BRAIN FREEZE mark constitutes a misleading use of a word, term, name, symbol or device, or a combination thereof, in violation of the United States Trademark Act, 15 U.S.C. §1125(a).

28. The defendants' aforesaid acts constitute unfair competition in violation of the common law of the State of Oregon.

### THIRD CLAIM FOR RELIEF
### (Dilution)

29. 7-Eleven realleges and incorporates paragraphs 1 through 12, 15 through 23 and 25 of its First Claim for Relief.

30. The defendants' aforesaid acts dilute the distinctive qualities of 7-Eleven's aforementioned famous BRAINFREEZE mark in violation of the Federal Trademark Dilution Act of 1995, 15 U.S.C. §1125(c).

31. The defendants' aforesaid acts dilute the distinctiveness of 7-Eleven's BRAINFREEZE mark in violation of the anti-dilution law of the State of Oregon, ORS 647.107.

### FOURTH CLAIM FOR RELIEF
### (Breach of Contract)

32. 7-Eleven realleges and incorporates paragraphs 1 through 12, 15 through 23 and 25 of its First Claim for Relief.

33. Defendants agreed in 2001 to cease infringing 7-Eleven's rights in its

BRAINFREEZE mark in return for 7-Eleven not pursuing trade identity claims against defendants.

34. 7-Eleven has not previously brought a trade identity action against defendants related to their prior infringement of 7-Eleven's rights in its BRAINFREEZE mark.

35. The defendants' current use of the DUTCH BRAIN FREEZE mark breaches defendants' Agreement with 7-Eleven.

36. The defendants' use of the DUTCH BRAIN FREEZE mark is greatly and irreparably damaging to 7-Eleven and will continue to damage 7-Eleven until enjoined by this Court.

WHEREFORE, 7-Eleven prays that:

1. Defendants, Dane Boersma, an individual, Travis Boersma, an individual, and Dutch Bros. L.L.C., an Oregon limited liability company, and each of their members, officers, agents, servants, employees and attorneys, and all who are in active concert or participation with any of them be permanently enjoined from:

    (a) Using the BRAIN FREEZE mark, DUTCH BRAIN FREEZE mark, or any other name or mark consisting in whole, or in part, of the term BRAINFREEZE for restaurant or catering services, beverages, food products, or related services or products;

    (b) Using any other name or mark which is a reproduction, counterfeit, copy or colorable imitation of 7-Eleven's BRAINEFREEZE mark;

Complaint -8

(c) Doing any other act or thing likely to confuse, mislead or deceive others into believing that defendants, their services, or products emanate from 7-Eleven or are connected with, sponsored by or approved by 7-Eleven;

(d) Doing any other act or thing likely to dilute the distinctiveness of 7-Eleven's BRAINFREEZE mark; and

(e) Aiding or assisting any person in engaging in any of the acts prohibited by subsections (a) through (e) above.

2. The defendants be required, in accordance with 15 U.S.C. §1118, to deliver up to 7-Eleven for destruction all advertisements and related goods in defendants' possession, custody or control bearing either the BRAIN FREEZE mark or the DUTCH BRAIN FREEZE mark, or any other reproduction, counterfeit, copy or colorable imitation of 7-Eleven's BRAINFREEZE mark.

3. The defendants be required, jointly and severally, to pay to 7-Eleven in accordance with 15 U.S.C. §1117(a), three times all profits wrongfully derived by defendants from their acts or infringement, unfair competition and dilution, and 7-Eleven's costs, including reasonable attorney's fees.

//

//

//

//

Complaint -9

4.   7-Eleven have such other and further relief as the Court deems just and equitable.

DATED: October 15, 2004.

                                                          Timothy C. Gerking, OSB #79234
                                                          BROPHY, MILLS, SCHMOR
                                                          GERKING & BROPHY, LLP
                                                          Of Attorneys for Plaintiff